Considered the instrument as sufficiently authenticated te go to the jury. Gravat's testimony proves the deed '.vas once executed by Neale, for he explicitly declares he should not have subscribed his name as a witness if Neale's name *11 ka.l then been obliterated. It is an important feature also la the case, that the possession has gone with the deed, and that the lessor of the plaintiff lay by until long after the death > ,f dhole. It is therefore a matter for the decision of the jury whether this obliteration has occurred accidentally and without the privity of defendant, or whether it was fraudulent and sufficient to vitiate the instrument.
Noth. — A bill of exceptions was tendered to the opinion of the lüourí, and the cause carried by Writ of Error to the High Court yf errors and appeals, where in November Term 1792. the judgment of the Supreme Court was reversed uná vocé.
Note. — The evidence of the execution of the deed in this case, was similar to that offered in the case of Pigot v., Holloway, i Biuney 436. to prove a warrant of attorney. The court unanimously admitted the instrument.
Evidence Overruled.